IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| AUNDREA AUNTONIO OTAGA FRAZIER, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 7:20cv00386 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| GEORGE WINSTON, | ) ) ) | By: Hon. Thomas T. Cullen United States District Judge |
| Defendant. | ) | |

Plaintiff Aundrea Auntonio Otaga Frazier, a Virginia inmate proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983 against the New River Valley Regional Jail. (See ECF No. 1.) By order entered July 27, 2020, the court conditionally filed Frazier's complaint, advising him that the complaint failed to state a federal claim because the jail is not a "person" subject to suit under § 1983, and because he failed to allege any facts against or conduct committed by a defendant. (See ECF No. 7.) The court gave Frazier the opportunity to file an amended complaint and advised him that the amended complaint would replace his original complaint and constitute the sole complaint in this action. (Id.) Frazier filed an amended complaint, naming George Winston as the sole defendant. (See ECF No. 8.) Frazier alleges that he was assaulted by another inmate and has been "totally discriminated against," including by being fired from his trustee position "for no reason," since filing this action. (Id.) Frazier alleges no facts against or conduct committed by defendant Winston. In fact, Winston's name appears only in the caption of the complaint.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). To state a claim against a prison official for failure to protect from inmate violence, an inmate must plead facts that show: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the official was deliberately indifferent to that substantial risk to his health and safety; and (3) the official's deliberate indifference caused him harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state a claim against a prison official for First Amendment retaliation, an inmate must plead facts that allege: (1) the plaintiff engaged in constitutionally protected First Amendment activity; (2) the defendant took an action that adversely affected that protected activity; and (3) there was a causal relationship between the plaintiff's protected activity and the defendant's conduct. Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017).

Despite being given the opportunity to amend his complaint, Frazier fails to allege any facts against or conduct committed by defendant Winston. Further, nothing in Frazier's amended complaint suggests that Winston was deliberately indifferent to a substantial risk of harm, or that Winston retaliated against Frazier for filing this action. Accordingly, I conclude that Frazier's complaint fails to state a claim against the defendant and, thus, will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTERED** this 22nd day of September, 2020.

_____
Hon. Thomas T. Cullen
United States District Judge